**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN A. WARREN,

    Petitioner,

v.

    CASE NO. 2:07-CV-12775
    HONORABLE BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Brian A. Warren, ("petitioner"), presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for no account check. For the reasons stated below, the instant petition is dismissed without prejudice.

### **I. Background**

Petitioner was convicted of the above offense in the Ingham County Circuit Court. Petitioner was sentenced to probation. Petitioner was subsequently found guilty of violating probation and was sentenced to seven months in jail.

Petitioner has now filed the instant application in which he seeks habeas relief on the following ground:

    I. Petitioner has been deprived of his Sixth Amendment right to

1

appeal and appointment of appellate counsel.

## II. Discussion

The instant petition must be dismissed without prejudice, because petitioner has yet to exhaust his claim with the state courts.

A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Therefore, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522, (1982); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3.

Petitioner acknowledges that he has not exhausted his claim with the state

courts, but claims that any exhaustion should be waived because of the fact that he was never advised of his right to appeal or his right to the appointment of appellate counsel.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

In the present case, the failure of the state trial court to appoint counsel to assist petitioner with his appeal does not excuse petitioner from attempting to exhaust the issues raised in this petition with the Michigan appellate courts. *See Pillette v. Foltz,* 824 F. 2d 494, 498 (6th Cir. 1987)(petitioner's failure to meet exhaustion requirement could not be excused on grounds of futility merely because state trial court rejected petitioner's request for appointment of state counsel, where there was no indication that petitioner had filed for postconviction relief or that the state court would refuse to properly consider such motion).

A number of federal cases from other circuits have reached the same conclusion. *See Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983)(petitioner failed to exhaust his remedies with respect to the state trial

3

court's denial of the appointment of appellate counsel, where petitioner could raise the issue by filing a new petition for Alternative Writ of Mandamus with the Oregon Supreme Court, or could also seek state post-conviction relief to raise this issue); *Reynolds v. Lockhart,* 497 F. 2d 314, 316-317 (8th Cir. 1974)(petitioner failed to exhaust his state court remedies with respect to his claim involving the denial of appellate counsel where the claim had not been presented to the state courts in state post-conviction proceedings); *In Re Joiner,* 58 F. 3d 143, 144 (5th Cir. 1995)(state inmate not excused from exhausting state court remedies prior to filing his federal habeas petition based upon the fact that the state court refused to appoint counsel to represent inmate in his state habeas case, as well as the alleged inadequacy of state remedies due to the inmate's inability to do a good job if he proceeded *pro se;* inmate was still required to make an effort to exhaust his state remedies on his own). Petitioner has therefore failed to show that it would be futile for him to attempt to exhaust his state court remedies, merely because he was denied the assistance of appellate counsel.

      Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust his claims by filing a post-conviction motion for relief from judgment with the Ingham County Circuit Court under M.C.R. 6.502. A trial court

is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE**

DATED: July 17, 2007